PEOPLE v SAMS (ON REHEARING)

CRIMINAL LAW—EVIDENCE—WITNESSES—PRIOR INCONSISTENT STATE-
MENTS—CROSS-EXAMINATION—STATUTES.

A prosecutor should not have cross-examined a defendant regard-
ing the contents of a prior written statement before the state-
ment was introduced into evidence; however, there was no
reversible error where (1) defendant identified his signature on
the prior written statement, read the statement, and offered his
own explanation for discrepancies, (2) the defendant was not
prejudiced, and (3) there was no miscarriage of justice (MCLA
769.26; MSA 28.1096).

Appeal from Detroit Recorder's Court, Joseph A.
Gillis, J. Submitted June 1, 1976, at Detroit.
(Docket No. 25045.) Decided September 27, 1976.
Rehearing granted November 17, 1976. Amended
opinion on rehearing filed November 23, 1976.

Charles Sams was convicted of unarmed rob-
bery. Defendant appealed. Reversed, 71 Mich App
337. Application for rehearing granted. On rehear-
ing the trial court is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Timothy A. Baughman,* Assistant Prosecuting At-
torney, for the people.

*Bolden & Blake, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 118.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

### Amended Opinion On Rehearing

PER CURIAM. A jury convicted defendant of robbery not armed, MCLA 750.530; MSA 28.798. He was sentenced and he appeals of right on the basis of two alleged reversible errors:

1. It was reversible error to permit the prosecuting attorney to read defendant's prior written and signed statement to the jury before laying a foundation for admissibility as impeaching evidence.

2. It was reversible error to deny defendant's request to excuse the jury for argument on the admissibility of defendant's prior statement.

*People v Dozier,* 22 Mich App 528; 177 NW2d 694 (1970), is not controlling; that case involved an oral statement. We find *Lightfoot v People,* 16 Mich 507 (1868), controlling, and while it was error for the prosecuting attorney to cross-examine defendant regarding the contents of the statement before its introduction in evidence, it was not reversible error. The statement was introduced in evidence; defendant acknowledged that it contained his signature; and he was permitted to read the statement and explain the discrepancies. Defendant has shown no prejudice to him, nor is a miscarriage of justice apparent, MCLA 769.26; MSA 28.1096.

Since we have found no reversible error on the first claim of error, there is no reversible error on the second claim of error, *People v Behm,* 45 Mich App 614; 207 NW2d 200 (1973).

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.